Joseph L. Kish (CA SBN 136429)
Synergy Law Group
730 West Randolph, 6th Floor
Chicago, IL 60661
Telephone: 312.454.0015
Facsimile: 312.454.0261
jkish@synergylawgroup.com

Attorney for Guaranteed Rate, Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| JESSICA DELANEY (f/k/a Jessica Delong), an individual | Case No.        ND CV 09-3131 BZ |
| Plaintiff, | Hon. Magistrate Bernard Zimmerman |
| vs. | |
| AURORA LOAN SERVICES, a Delaware Corporation; GUARANTEED RATE, INC. a Delaware Corporation; CAPITAL MARKET FUNDING, INC., a California Corporation; and DOES 1 TO 50, Inclusive, | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>**[Request for Judicial Notice Filed Herewith]**<br><br>**[FRCP 12(b)(6), 12(f)]** |
| Defendants | Complaint filed:  July 10, 2009<br>Trial Date:  None<br><br>Date: November 18, 2009<br>Time:  10:00 a.m. PST<br>Courtroom:  G, 15th Floor |

1
MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

**TO THE COURT, TO THE PLAINTIFF AND THE PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 18, 2009 at 10:00 a.m. PST or as soon thereafter as this matter may be heard, in Courtroom G, 15th Floor, of the above-entitled Court, Defendant Guaranteed Rate, Inc. ("GRI"), will move this Court to dismiss the Complaint of the Plaintiff, Jessica Delaney, with prejudice.

Defendant's Motion is made pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure on the grounds that Plaintiff has failed to state a claim upon which relief may be granted.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, and upon all papers and documents on file with this Court, as well as any facts and documents of which this court has taken judicial notice.[1]

Dated:  September 29, 2009                    Respectfully Submitted,

                                              GUARANTEED RATE, INC

                                              /s/ Joseph L. Kish
                                              Joseph L. Kish
                                              Attorney for Defendant
                                              Guaranteed Rate, Inc.

---

[1] Defendant GRI has filed a Motion for Judicial Notice with the Court.

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF CONTENTS

I.      Introduction ..................................................................................................... 1

II.     Summary of Facts ........................................................................................... 1

III.    Legal Standard Applicable to a Motion to Dismiss ..................................... 2

IV.     Request for Judicial Notice ........................................................................... 2

V.      Plaintiff's First Cause of Action Alleging Violation of TILA Fails as a Matter of Law and
        Should be Dismissed ...................................................................................... 3

   A.   Plaintiff's Claim for Damages is Time Barred .............................................. 4

   B.   Plaintiff was Provided with the Notice of Right to Cancel ........................... 4

   C.   Plaintiff Received a Truth in Lending Disclosure Statement. ....................... 5

   D.   GRI Disclosed the Negative Amortization Feature of Plaintiff's Loan .......... 5

VI.     Plaintiff's Claim for Rescission Fails as a Matter of Law and Should be Dismissed ........ 8

   A.   Plaintiff Failed to Seek Rescission from GRI ................................................ 8

   B.   Plaintiff's Claim for Rescission is Time Barred ............................................ 9

      1. Plaintiff did not Exercise her Right of Rescission with Three Days of the Loan
         Transaction .................................................................................................... 9

      2. Plaintiff did not Exercise her Right of Rescission with Three Years of the Loan
         Transaction .................................................................................................... 9

VII.    Plaintiff's Second Cause of Action Alleging Violation of UCL Fails as a Matter of Law
        and Should be Dismissed ............................................................................ 10

   A.   Plaintiff Fails to Identify the Section of the Act Allegedly Violated by     GRI .............. 10

   B.   Plaintiff's Fraud Claim is Not Plead with the Required Specificity ................ 11

   C.   Plaintiff Fails to Plead or Prove a TILA Violation to Support her Second Cause of
        Action ............................................................................................................ 12

VIII.   Plaintiff's Prayers for Relief Should be Stricken ......................................... 13

   A.   Plaintiff's Claim for Statutory Damages and Costs Should be Stricken .......... 13

   B.   Plaintiff's Claim for Injunctive Relief Should be Stricken ............................. 14

IX.     Conclusion ................................................................................................... 15

i

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adams v. SCME Mortg. Bankers, Inc.*, 2009 U.S. Dist. LEXIS 46600, 2009 WL 1451715 (E.D. Cal. May 22, 2009) ................................................................................................................ 13

*Balistieri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) ......................................... 2

*Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1998) ........................................................ 10

*Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ................................................................... 2

*Brothers v. Hewlett-Packard Co.*, 2006 U.S. Dist. LEXIS 82027, 2006 WL 3093685 (N.D. Cal. Oct. 31, 2006) .......................................................................................................................... 10

*Byrd v. Farnsworth*, 1996 U.S. Dist. LEXIS 18707, 1996 WL 7213683 (N.D. Cal. Dec. 9, 1996) ................................................................................................................................................ 2

*Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1048 (9th Cir. 2000) ...................... 13

*Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001) ................................................ 14

*Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1022 (9th Cir. 2004) .............. 14

*Hous. Rights Ctrs, Inc., v. Moskowitz*, CV 04-2266 PA, 2004 U.S. LEXIS 28885, 2004 WL 3738293 (C.D. Cal. September 20, 2004) ................................................................................ 13

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) .............................................. 11

*Khoury v. Maly's of Cal.*, 14 Cal. App. 4th 612, 619 (Cal. App. 2d Dist. 1993) ......................... 11

*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980) ........................................................................................................................................ 14

*Macilvaine v. Wachovia Fin. Servs.*, 2009 U.S. Dist. LEXIS 78888 (S.D. Cal. Aug. 24, 2009) . 12

*Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003)........................................... 4

*Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) .................................... 10

*Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) ..................................................................... 2

*Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) .............................................................. 3

*Rendon v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 88047 (E.D. Cal. Sept. 23, 2009). 4

*Rubio v. Capital One Bank*, 572 F. Supp. 2d 1157, 1168-1169 (C.D. Cal. 2008)....................... 12

*Textile Unlimited v. A..bmhand Co.*, 240 F.3d 781, 786 (9th Cir. Cal. 2001) ............................. 14

ii

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ............................................................. 3

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ............................................ 11, 12

## Statutes

12 C.F.R. §226.19(b) ............................................................................................................. 5, 6

12 C.F.R. §226.23 ....................................................................................................................... 8

12 C.F.R. §226.23(a)(3) ............................................................................................................. 9

12 C.F.R. §226.23(b) ................................................................................................................. 8

15 U.S.C. §§1601, et seq. .............................................................................. 1, 3, 7, 12, 14

15 U.S.C. §1635 ...................................................................................................................... 5, 8

15 U.S.C. §1635(a) ................................................................................................................ 4, 5

15 U.S.C. §1635(f) ................................................................................................................ 7, 10

15 U.S.C. §1640 ........................................................................................................................... 4

15 U.S.C. §1640(e) ..................................................................................................................... 4

California's Unfair Competition Law, California Business and Professions Code §17200 et seq.

("UCL") ................................................................................................... 1, 11, 12, 13

Regulation Z, 12 C.F.R. §226.23(b) ................................................................................ 4, 5

## Rules

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 2

Fed. R. Civ. P. 9(b) ................................................................................................................... 11

Federal Rule of Civil Procedure 12(f) ................................................................... 1, 13, 15

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      Introduction

Plaintiff's Complaint is a frivolous action containing allegations which Plaintiff knows are false.  The majority of Plaintiff's allegations are specifically contradicted by documents not only received by Plaintiff, but which Plaintiff signed acknowledging their receipt.  Plaintiff alleges violation of the Truth in Lending Act ("TILA") and, having no factual support for Plaintiff's claim, tries to create additional disclosure requirements that do not exist.  Plaintiff's second cause of action alleges violation of California's Unfair Competition Law, California Business and Professions Code §17200 et seq.  ("UCL").  Plaintiff fails to specify what provision of the UCL Defendant GRI has violated.  Plaintiff's causes of action are alleged against all Defendants, as Plaintiff could not be bothered to specify the actions committed by each Defendant nor the relief sought against each Defendant.  Defendant also seeks to strike these requested reliefs pursuant to Fed. R. Civ. P. 12 (f).  Plaintiff's Complaint is not grounded in fact or law and should be dismissed without leave to amend.

### II.     Summary of Facts

Plaintiff, Jessica Delaney, f/k/a Jessica Delong, executed a Deed of Trust in the amount of $650,000 in favor of Defendant, Guaranteed Rate, Inc. ("GRI"), on July 11, 2006 against the real property located at 3900 Santa Rita Street, Oakland, California.  (See GRI's Request for Judicial Notice, Doc. 11 "RJN", Exhibit 1)  (Plaintiff's Complaint, ¶¶8-9, 3:12-20).  Plaintiff also received and executed additional documents including an Adjustable Rate Note (RJN, Exhibit 2), Addendum to Adjustable Rate Note (RJN, Exhibit 3), Adjustable Rate Rider (RJN, Exhibit 4), Adjustable Rate Mortgage Loan Program Disclosure (RJN, Exhibit 5), Important

1

Loan Information Adjustable Rate Mortgage Loan Program Disclosure Pay Option MTA (RJN, Exhibit 6), Truth in Lending Disclosure Statement (RJN, Exhibit 7), and two copies of Notice of Right to Cancel (RJN, Exhibits 8 and 9).  Plaintiff acknowledged receipt of these documents by signing each one.  Despite receiving all required disclosures, Plaintiff now brings the instant action to rescind the loan based on purported violations of the Truth in Lending Act, 15 U.S.C. §1601, et seq.

## III.    Legal Standard Applicable to a Motion to Dismiss

A complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where there is either a "lack of cognizable theory" or the absence of sufficient facts alleged to support a cognizable legal theory.  *Balistieri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).  "Conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss*."  Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).  In addition, a court does not have to accept alleged facts as true when they are contradicted by matters subject to judicial notice.  *Byrd v. Farnsworth*, 1996 U.S. Dist. LEXIS 18707, 1996 WL 7213683 (N.D. Cal. Dec. 9, 1996).

## IV.    Request for Judicial Notice

Defendant GRI has filed a Request for Judicial Notice of documents central to the loan transaction at issue and therefore form the bases of the allegations contained in Plaintiff's Complaint.  The Ninth Circuit has held that when considering a Motion to Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a Court may consider documents that are attached, referred to or are central to a plaintiff's claim.

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. (*internal citations omitted*).  The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).
*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

The justification for this rule is that it prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (superseded by statute on other grounds).  The documents contained in Defendant's Request for Judicial Notice form the bases of Plaintiff's claims against GRI.  Plaintiff makes repeated reference to these notices and disclosures but fails to attach them to her Complaint.

## V.  Plaintiff's First Cause of Action Alleging Violation of TILA Fails as a Matter of Law and Should be Dismissed

Plaintiff seeks unspecified damages for GRI's alleged violation of TILA.  Plaintiff alleges GRI committed the following violations: (1) Failed to deliver to Plaintiff two copies of the Notice of Right to Cancel; (2) Failed to provide Plaintiff with a Truth in Lending Disclosure Statement; and (3) Failed to disclose the negative amortization feature of Plaintiff's loan.  Plaintiff's claims fail for these undisputable reasons.  First, any claim for civil liability for GRI's alleged TILA violations are barred by the applicable statute of limitations.  Secondly, Plaintiff's allegations lack any factual support and are contradicted by the disclosures received and signed by Plaintiff.  Having no factual support for her claims, Plaintiff then seeks to impose additional disclosure requirements on GRI that are not provided for in any regulations cited by Plaintiff.  Plaintiff's claims fail as a matter of law and should be dismissed.

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**A. Plaintiff's Claim for Damages is Time Barred**

Plaintiff seeks "attorney's fees pursuant to 15 U.S.C. §1640", "costs of the suit" and "such other and further relief the Court may deem proper'. (Plaintiff's Complaint, Prayer for Relief, ¶¶4,6,7, 9:18-10:1). To the extent that any of Plaintiff's claims for damages are based on GRI's violation of 15 U.S.C. §1640, et seq., they are time barred and should be stricken. 15 U.S.C. §1640(e) provides that any action for civil liability brought under this section must be brought "within one year from the date of the occurrence of the violation."

The Ninth Circuit has found "the failure to make the required disclosures occurred, if at all, at the time the loan documents were signed. The [plaintiffs] were in full possession of all information relevant to the discovery of a TILA violation and a § 1640(a) damages claim on the day the loan papers were signed." *Rendon v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 88047 (E.D. Cal. Sept. 23, 2009) citing *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

The transaction in question took place on July 11, 2006. (Plaintiff's Complaint ¶8, 3:12). More than one year has elapsed since the alleged violations that occurred in connection with that transaction. Accordingly, any causes of action or claims for damages arising out of the alleged violations are barred by the statute of limitations and should be dismissed.

**B. Plaintiff was Provided with the Notice of Right to Cancel**

Plaintiff claims GRI violated 15 U.S.C. §1635(a) and Regulation Z, 12 C.F.R. §226.23(b) by failing to provide two copes of a Notice of Right to Cancel. Regulation Z requires such notice to disclose: (a) the retention or acquisition of a security interest; (b) the consumer's right to rescind the transaction; (c) how to exercise the right to rescind; (d) the effects of rescission; and (e) the date the rescission period expires. Contrary to Plaintiff's claims, Plaintiff was

4

provided with two copies of the Notice of Right to Cancel and acknowledged receipt of such by signing both copies.   (RJN, Exhibits 8 and 9).  The notices provided to Plaintiff contain the required disclosures.  Plaintiff received the Notice of Right to Cancel in accordance with 15 U.S.C. §1635(a) and 12 C.F.R. §226.23(b) and has failed to allege how the notices failed to comply with the applicable regulations.  Having received two copies of the Notice of Right to Cancel which comply with the regulations cited, GRI is in compliance with of 15 U.S.C. §1635 and 12 C.F.R. §226.23.  Plaintiff has failed to show any violation by GRI.  Plaintiff's claim should be dismissed.

**C.  Plaintiff Received a Truth in Lending Disclosure Statement.**

Contrary to Plaintiff's assertions, Plaintiff was provided with a Truth in Lending Disclosure Statement and acknowledged receipt by signing the statement and accompanying acknowledgement.  (RJN, Exhibit 7).  As discussed below in Section C, although 12 C.F.R. §226.19(b) does require disclosures for certain variable-rate transactions, it does not require that such disclosure be made in the Truth in Lending Disclosure Statement.  As discussed below, GRI provided Plaintiff with all required disclosures.  Plaintiff has failed to state a cause of action against GRI and thus Plaintiff's claim should be dismissed.

**D.  GRI Disclosed the Negative Amortization Feature of Plaintiff's Loan**

Plaintiff also claims GRI violated 15 U.S.C. §1635(a) and 12 C.F.R. §226.19(b) by failing to disclose the negative amortization feature of Plaintiff's loan.  Plaintiff's claim that she was unaware, uninformed or that GRI did not make adequate disclosure of this features of the loan is false.

Plaintiff's first cause of action alleges "the loan documentation for a negatively amortized loan must disclose this feature (negative amortization) and the fact that if the borrower makes

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

only the minimum payment that unpaid interest will be added to the balance."  (Plaintiff's Complaint, ¶19:11-13).  Failure to disclose this information is the only ground Plaintiff asserts for her contention that GRI violated 12 C.F.R. § 226.19(b).  Plaintiff was provided several disclosures, as set forth in GRI's Request for Judicial Notice detailed above in Defendant's Summary of Facts.  Included in these disclosures was a document titled Adjustable Rate Mortgage Loan Program Disclosure, (RJN Exhibit 5),  and "Important Loan Information Adjustable Rate Mortgage Loan Program Disclosure Pay Option MTA" (RJN Exhibit 6).  Both of these documents were provided to Plaintiff who acknowledged their receipt in writing.

The Adjustable Rate Mortgage Loan Program Disclosure, RJN Exhibit 5, sets forth in the first paragraph, on the first page, in capital letters "THIS LOAN ALLOWS FOR NEGATIVE AMORTIZATION."  The last paragraph on the first page, under the section "HOW YOUR PAYMENT CAN CHANGE", provides "If you make only the Minimum Monthly Payment, your payment may increase substantially at the 1st payment adjustment and every 5th scheduled payment or you may reach the 110% of the original loan amount at which time your payment will increase substantially."  The next paragraph on the top of page two continues, "If the monthly payment is not sufficient to cover the interest due, the difference will be added to your loan amount and will accrue additional interest.  This is called "Negative Amortization."  The next section, "DEFERRED INTEREST" explains how negative amortization may occur.  The document then goes on to provide four examples, with complete calculations, of how such loans work.  At the bottom of page three, Plaintiff signed and dated the form, acknowledging her receipt of the Adjustable Rate Mortgage Program Disclosure and the Consumer Handbook on Adjustable Rate Mortgages.

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

In addition, Plaintiff was also provided with "Important Loan Information Adjustable Rate Mortgage Loan Program Disclosure Pay Option MTA."  (RJN Exhibit 6).  The first section on the first page, "General Description of the ARM Program", provides "If you pay only the minimum monthly payment, your loan may have negative amortization.  Make sure you read the section on 'Important Information about Negative Amortization' below."  That section provides "Negative amortization means the mortgage balance is increasing.  This occurs whenever your monthly mortgage payments are not large enough to pay all of the interest due on your mortgage."

GRI provided Plaintiff with the required disclosures and Plaintiff acknowledged receiving these disclosures by signing each document.  GRI's disclosures conform with the suggested model forms.  Pursuant to 15 U.S.C. §1635(f), GRI's disclosures are deemed to be in compliance with the disclosure provisions of 15 U.S.C. §§1601, et seq., if is uses the model forms and its changes to the forms do not affect the substance, clarity, or meaningful sequence of the disclosure.

Pursuant to the requirements set forth by Plaintiff in her Complaint, GRI must disclose the negative amortization feature of the loan and must disclose the fact that if the Plaintiff only makes the minimum payment, the unpaid interest will be added to the balance of the loan. GRI's disclosures provided, in all capital letters, "THIS LOAN ALLOWS FOR NEGATIVE AMORTIZATION".  This statement clearly discloses the negative amortization.  GRI's disclosures also provided " If you pay only the minimum monthly payment, your loan may have negative amortization." (RJN Exhibits 5 and 6.)  "If the monthly payment is not sufficient to cover the interest due, the difference will be added to your loan amount and will accrue additional interest.  This is called "Negative Amortization."  These disclosures clearly state that

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

if plaintiff only makes the minimum monthly payment the unpaid interest will be added to the balance of the loan.  GRI provided all disclosures required by law.  Plaintiff's claim therefore fails to state a claim as a matter of law and should be dismissed.

**VI.     Plaintiff's Claim for Rescission Fails as a Matter of Law and Should be Dismissed**

Plaintiff apparently seeks rescission of the loan but has failed to specify against which Defendant Plaintiff seeks to enforce this right.  Plaintiff alleges GRI committed certain violations of 15 U.S.C. §1635 and 12 C.F.R. §226.23 but does not specify what relief it seeks from GRI.  Plaintiff is not entitled to any relief from GRI as Plaintiff's claims are time barred and fail to state a clam.

**A.  Plaintiff Failed to Seek Rescission from GRI**

Despite the fact that GRI is no longer the holder of the note, it appears from Plaintiff's Complaint that Plaintiff also seeks rescission of the loan from GRI.  Plaintiff has failed to provide GRI with the required notice.  Plaintiff seeks rescission pursuant to 15 U.S.C. §1635 and 12 C.F.R. §226.23.  "To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication." 12 C.F.R. §226.23(b).

As alleged in the Complaint, Defendant Aurora purchased Plaintiff's loan from GRI and began servicing the loan for Plaintiff.  (Plaintiff's Complaint, ¶14, 5:20-25).   Plaintiff alleges she "rescinded the transaction by sending a letter to Defendant Aurora, U.S. Mail, postage prepaid, certified mail, informing it of their election to rescind the loan."  (Plaintiff's Complaint, ¶15, 6:4-7).  Plaintiff's own actions show that Plaintiff intends to seek rescission of the loan from Aurora, not GRI.  Plaintiff does not allege that she sought rescission from, or provided notice or

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

demand for rescission to Defendant, GRI.   Plaintiff fails to state a cause of action for rescission and her claims should be dismissed.

**B. Plaintiff's Claim for Rescission is Time Barred**

   **1.   Plaintiff did not Exercise her Right of Rescission with Three Days of the Loan Transaction.**

Where the required disclosures are provided, the right to cancel only extends to the third business day following the transaction.  12 C.F.R. §226.23(a)(3).  As discussed above, Plaintiff was provided with two copies of the Notice of Right to Cancel.  Plaintiff was also provided all disclosures required by law.  Plaintiff acknowledged receipt of these documents by signing each one.  Accordingly, GRI is not in violation of the TILA.  Plaintiff's right to rescission extends three years beyond the consummation of the transaction *only* where the required disclosures are not provided.  12 C.F.R. §226.23(a)(3).  As set forth in the Notice, (RJN Exhibits 8 and 9), the right to cancel expired on July 19, 2006.  The Plaintiff acknowledged the receipt of two completed copies of the Notice of Right to Cancel by signing both copies.  Plaintiff failed to exercise her right within three business days, by July 19, 2006, and therefore her action is time barred.

   **2.   Plaintiff did not Exercise her Right of Rescission with Three Years of the Loan Transaction.**

Even assuming that GRI failed to provide the disclosures and Plaintiff is entitled to the three year right of rescission, Plaintiff has failed to exercise her right within the allotted time.  As set forth in Plaintiff's Complaint, Plaintiff executed the subject transaction on July 11, 2006.  (Plaintiff's Complaint ¶8, 3:12).  As more than three years have elapsed from the date of the loan transaction, Plaintiff is time barred from seeking rescission.

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

The Ninth Circuit has recognized that §1635(f) "completely extinguishes the right of rescission at the end of the 3-year period." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002), quoting *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1998). The *Miguel* Court cited *Beach's* holding that,

> Section 1635(f) …takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well. The subsection says nothing in terms of bringing an action but instead provides that the "right of rescission [under the Act] shall expire" at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous. There is no reason, then, even to resort to the canons of construction that we use to resolve doubtful cases, such as the rule that the creation of a right in the same statute that provides a limitation is some evidence that the right was meant to be limited, not just the remedy.
> *Id. quoting Beach v. Ocwen Federal Bank*, 523 U.S. at 417.

The *Miguel* Court noted that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." *Id.* at 1164. The Court concluded that because the Plaintiff "did not attempt to rescind against the proper entity within the three-year limitation period, her right to rescind expired." *Id.* at 1164-65. Plaintiff failed to exercise her right of rescission against GRI and can not cure the defect. Plaintiff's claim fails as a matter of law and should be dismissed.

## VII. Plaintiff's Second Cause of Action Alleging Violation of UCL Fails as a Matter of Law and Should be Dismissed

### A. Plaintiff Fails to Identify the Section of the Act Allegedly Violated by GRI

A claim brought under the California Business & Professions code "must identify the particular section of the statute that was violated, and must describe with reasonable particularity the facts supporting the violation." *Brothers v. Hewlett-Packard Co.*, 2006 U.S. Dist. LEXIS 82027, 2006 WL 3093685 (N.D. Cal. Oct. 31, 2006), *citing Khoury v. Maly's of Cal.*, 14 Cal.

App. 4th 612, 619 (Cal. App. 2d Dist. 1993).  See also, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003).

Plaintiff alleges Defendant GRI violated California Business and Professions Code §17200 et seq by "consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of money and/or property."  Plaintiff's Complaint ¶25, 8:21-25).  Plaintiff fails to specify the exact act committed by GRI and the exact section or provision of the Code allegedly violated.  Defendant is left to guess what provision it violated and how the violation occurred.

The only section of the act cited by Plaintiff, §17200, is the definition of unfair competition.  Plaintiff cites to the definition but fails to cite to any specific section or violation defined in the act.  Plaintiff further fails to describe with reasonable particularity the facts or actions by GRI that support the alleged violation. Accordingly, Plaintiff's claim should be dismissed for failure to state a claim as a matter of law.

**B.  Plaintiff's Fraud Claim is Not Plead with the Required Specificity**

Plaintiff fails to identify the underlying offense that Plaintiff seeks to use as the basis for her second cause of action.  Plaintiff alleges that GRI "advertised its loans as low interest loans with the intent to mislead Jessica Delaney".  (Plaintiff's Complaint, ¶23, 8:9-10).  Although not specifically plead, Plaintiff's "intent to mislead" allegation suggests that she is alleging that GRI's advertisement was fraudulent.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1106 (9th Cir. 2003).  This Circuit has specifically held that the heightened pleading standards of

Fed. R. Civ. P. 9(b) apply to claims for violation of the California's Unfair Competition Law,

Cal. Bus. & Prof. Code §§ 17200-17210.  *Id.* at 1125 citing *Vess v. Ciba-Geigy Corp. USA*, 317

F.3d at 1102-1005.

Plaintiff  fails to state with particularity the circumstances constituting the fraud

allegedly committed by GRI.  Plaintiff's allegation, at best, is a conclusion that does not specify

the who, what, when, where, and how of the alleged fraud.

If Plaintiff relies on this vague allegation of fraud as the basis for her second cause of

action, Plaintiff's claim it is not plead with the requisite specificity and should be dismissed.

### C. Plaintiff Fails to Plead or Prove a TILA Violation to Support her Second Cause of Action.

"To state a claim for an "unlawful" business practice under the UCL (*Unfair

Competition Law*), a plaintiff must assert the violation of any other law. (*internal citations

omitted*).  Where a plaintiff cannot state a claim under the "borrowed" law, she cannot state a

UCL claim either." *Rubio v. Capital One Bank*, 572 F. Supp. 2d 1157, 1168-1169 (C.D. Cal.

2008).  In *Rubio*, the Plaintiff predicated her unlawful business practice claim on a claim for

violation of the Truth in Lending Act. The Court found that were the plaintiff failed to state a

claim under the Truth in Lending Act, her UCL claim also failed.  *Id.  See also, Macilvaine v.

Wachovia Fin. Servs*., 2009 U.S. Dist. LEXIS 78888 (S.D. Cal. Aug. 24, 2009) (finding that

where a Plaintiff fails to state a claim under the predicate law, the Section 17200 claim also

fails.)

Plaintiff relies on Defendant GRI's alleged violation of the Truth in Lending Act as the

basis of Plaintiff's claim under Cal. Bus. And Prof. Code §17200.   As discussed above in

Section V, GRI complied with the TILA.  The alleged failure to make these disclosures (contradicted by the very documents Plaintiff signed and received) is the only wrongful act contained in Plaintiff's Complaint.  Accordingly, as Plaintiff's TILA claim fails, there is no predicate act to support Plaintiff's second cause of action.

Additionally, as discussed above in Section V, Plaintiff's TILA claims are barred by the statute of limitations.  It has been held that "a court may not allow plaintiff to 'plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition.'" *Adams v. SCME Mortg. Bankers, Inc.*, 2009 U.S. Dist. LEXIS 46600, 2009 WL 1451715 (E.D. Cal. May 22, 2009) *quoting Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1048 (9th Cir. 2000).  Because Plaintiff's underlying claim is time barred and fails as a matter of law, Plaintiff's UCL claim also fails and should be dismissed.

**VIII.   Plaintiff's Prayers for Relief Should be Stricken**

**A.   Plaintiff's Claim for Statutory Damages and Costs Should be Stricken**

Federal Rule of Civil Procedure 12(f) provides that a court may strike any immaterial or impertinent matter form a pleading.  The Court may strike a prayer for relief where the damages sought are not recoverable as a matter of law.  *Hous. Rights Ctrs, Inc., v. Moskowitz*, CV 04-2266 PA, 2004 U.S. LEXIS 28885, 2004 WL 3738293 (C.D. Cal. September 20, 2004).  Plaintiff seeks unspecified "statutory damages based on Defendants' failure to respond properly to Plaintiff's recession *(sic)* notice" as well as for "costs of suit herein incurred".  Plaintiff fails to provide the basis for the relief sought and no allegations contained in plaintiff's complaint would support an award of any such relief.

Plaintiff alleges entitlement to statutory damages based on Defendant's failure to respond to Plaintiff's notice of rescission.  As discussed above, Plaintiff did not provide Defendant GRI

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

with any such notice.  Plaintiff does not even allege she gave GRI any notice.  Plaintiff's claims for relief are directed to all defendants "to the extent applicable."  Plaintiff's claims for relief are not applicable to Defendant GRI.

Plaintiff also fails to provide any basis for awarding costs. Plaintiff has failed to cite any authority in support of his claims for relief and has also failed to provide any factual or legal basis for such relief.  Accordingly, plaintiff's prayer for statutory damages and costs should be stricken.

**B.  Plaintiff's Claim for Injunctive Relief Should be Stricken**

Plaintiff seeks "injunctive relief to stop the unlawful business practice described above." What that might be is anyone's guess, no matter how many times Plaintiff's Complaint is reviewed.

The criteria for granting injunctive relief include "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiffs; and (4) advancement of the public interest."  *Textile Unlimited v. A..bmhand Co*., 240 F.3d 781, 786 (9th Cir. Cal. 2001), citing *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). In addition, a plaintiff "must demonstrate a real or immediate threat of an irreparable injury." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1022 (9th Cir. 2004) quoting *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001).  Not only can Plaintiff not set forth a strong likelihood of success on the merits, Plaintiff cannot establish any risk of irreparable injury whatsoever.  Plaintiff has not alleged that GRI continues to commit any unlawful act or practice. Plaintiff has only alleged that GRI violated TILA in July, 2006. Plaintiff does not allege any ongoing violations by GRI. Plaintiff has failed to allege a real or

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

immediate threat of irreparable injury.   Plaintiff's request is completely unfounded and should be stricken.

**IX.     Conclusion**

Plaintiff' complaint is a model of allegations that lack of cognizable theory and the absence of sufficient facts alleged to support a cognizable legal theory. Plaintiff's Complaint contains nothing more than contradictions or unsupported and vague conclusions.  Plaintiff has failed to set forth any facts that would support any of the causes of action contained in her complaint.  Plaintiff falsely alleges she did not receive certain disclosures, disclosures which she signed acknowledging receipt.  Plaintiff's claims are also time barred. Plaintiff's Complaint is not grounded in fact or law and the claims and contentions alleged are not only baseless but frivolous.  Plaintiff is not entitled to any relief set forth in her Complaint.

Accordingly, Guaranteed Rate, Inc. respectfully requests this Court grant its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice and without leave to amend, and  strike Plaintiff's requests for relief, pursuant to Fed. R. Civ. P. 12(f), and that this Court award GRI its cost of suit ant any other relief it deems just.

Dated:  September 29, 2009              Respectfully Submitted,


                                        GUARANTEED RATE, INC

                                        /s/ Joseph L. Kish
                                        Joseph L. Kish
                                        Attorney for Defendant
                                        Guaranteed Rate, Inc.


15

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Appearance of Counsel for Guaranteed Rate, Inc. was served upon the attorneys listed below electronically through CM/ECF on September 29, 2009.

Tiffany Lauren Gray                    tgray@collettelegal.com

Joseph L. Kish                    jkish@synergylawgroup.com; nmcdonald@synergylawgroup.com


Respectfully Submitted,

GUARANTEED RATE, INC

/s/ Joseph L. Kish
Joseph L. Kish
Attorney for Defendant
Guaranteed Rate, Inc.

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT