SUNNY S. HUO (State Bar No. 181071)
ANDREW W. NOBLE (State Bar No. 245993)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
ssh@severson.com
awn@severson.com

JANE K. LEE (State Bar No. 247259)
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118
jkl@severson.com

Attorneys for Defendant
AURORA LOAN SERVICING, INC. a
Delaware Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSICA DELANEY (f/k/a Jessica Delong), an individual,

Plaintiff,

vs.

AURORA LOAN SERVICING, INC., a Delaware Corporation; GUARANTEED RATE, INC., a Delaware Corporation; CAPITAL MARKET FUNDING, INC., a California Corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.: CV 09 3131 BZ

Assigned to:
Magistrate Judge Bernard Zimmerman

**DEFENDANT AURORA LOAN SERVICING, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Hearing Date: November 18, 2009
Time: 10:00 a.m.
Dept.: Courtroom G, 15th Floor
Judge: Hon. Bernard Zimmerman

Complaint filed: July 10, 2009
Trial date: TBD

## I. INTRODUCTION

This is another foreclosure delay suit. It is a virtual carbon-copy of the other suits filed by the same plaintiff's counsel throughout the State.[1]

Like its brethren, this complaint is basically a Truth in Lending Act "rescission" claim filed to avoid foreclosure. And like its brethren, it is supported by neither the law nor the facts.

Contrary to what plaintiff claims, she did in fact receive the TILA disclosures described. Moreover, as a matter of law, in order to plead a rescission claim, the borrower plaintiff must state unequivocally that she can and will return the principal amount of the loan. And this, plaintiff has not (and apparently will not) do.

There is no point in allowing this case to linger on the docket since plaintiff's true objective is not to prevail but to delay. By this motion, Aurora Loan Services now asks this Court to dismiss the action promptly and without consuming further judicial resources.

## II. STATEMENT OF FACTS

In July 2006, plaintiff borrowed $650,000 from Guaranteed Rate, Inc. Compl., ¶¶ 8 and 9.

Plaintiff claims that Guaranteed violated the Truth in Lending Act ("TILA") by (1) not providing her a negative amortization disclosure and (2) not providing her a Notice of Right to Cancel. Compl., ¶¶ 11 and 12.

Plaintiff, however, signed documents acknowledging that she received both the negative amortization disclosure:

**ADJUSTABLE RATE MORTGAGE LOAN PROGRAM DISCLOSURE**
**5 YEAR FIXED PAYMENT 12-MONTH AVERAGE OF MONTHLY 1-YR CONSTANT MATURITY INDEX PAYMENT-CAPPED NON-CONVERTIBLE ARM**

Date: JULY 11, 2006 Loan #: 2006087722

This disclosure describes the features of an Adjustable Rate Mortgage (ARM) program you are considering, which is called the "5 Year Fixed Payment 12 MAT Payment-Capped Non-Convertible ARM." The interest rate and payment of this loan may each change during the term of this loan. THIS LOAN ALLOWS FOR NEGATIVE AMORTIZATION. Information on other ARM programs available from the lender will be provided upon request. This disclosure is not a commitment on the part of the lender to make a loan to you.

---

[1] See RJN, Ex. D-G.

> I/We acknowledge receipt and have read the Adjustable Rate Mortgage Program Disclosure and the Consumer Handbook on Adjustable Rate Mortgages.
>
> Borrower JESSICA H. DELONG 7-15-06 Date — Borrower Date

RJN Ex. A.

And the Notice of Right to Cancel:

> ACKNOWLEDGMENT OF RECEIPT
>
> EACH OF THE UNDERSIGNED HEREBY ACKNOWLEDGES THE RECEIPT OF TWO (2) COMPLETED COPIES OF THIS NOTICE OF RIGHT TO CANCEL.
>
> JESSICA H. DELONG 7-15-06 Date

RJN Ex. B.

As well as all of the other statutorily-required disclosures:

> The undersigned ("you" or "your") hereby acknowledge receipt of a "good faith estimate" of the charges which you are likely to incur at the settlement of your loan as provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (12 U.S.C.A. 2601 et seq.), and all applicable disclosures required by the Truth in Lending Act, as amended (15 U.S.C.A. 1601 et seq.).
>
> Borrower JESSICA H. DELONG 7-15-06 Date — Borrower Date

RJN Ex. C.

Plaintiff claims that at some unspecified time after origination, Aurora Loan Servicing "purchased" the loan from Guaranteed. Compl., ¶ 14.

Plaintiff claims that she sent Aurora a "rescission letter" on July 10, 2009. Compl., ¶ 15, Ex. A. The letter does not offer to return to Aurora the $650,000 principal plaintiff admits she borrowed. Compl., Ex. A.

Nowhere in the complaint does plaintiff state she has the ability and willingness to return the $650,000 to Aurora.

Instead, plaintiff claims that she will tender the amount she owes only "*after* Defendant Aurora has tendered its proceeds and taken action to reflect that its interest in the security has been eliminated..." Compl., ¶ 21 (emphasis added).

Since the lawsuit has been filed, plaintiff's counsels have not returned any of Aurora's calls to discuss the rescission claim.

Based on these facts, plaintiff now sues Aurora for (1) rescission under TILA and (2) violation of California Business & Professions Code section 17200.

## III. MOTION STANDARD

A motion to dismiss tests the legal sufficiency of the claims alleged in the complaint. *Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1023 (C.D. Cal. 1998). A claim is properly dismissed for lack of a cognizable legal theory, absence of sufficient facts alleged under a cognizable legal theory, or for seeking remedies to which a plaintiff is not entitled as a matter of law. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).

Although facts properly alleged must be construed in favor of the plaintiff, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contractors v. Metro. Water Dist.,* 159 F.3d 1178, 1181 (9th Cir. 1998) (citation omitted). As the Supreme Court recently put it, "the tenet that a court must accept as true all of the allegations of a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory allegations, do not suffice." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Finally, courts are not required to accept as true "allegations contradicted by documents referred to in the complaint." *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (citation omitted).

## IV. ARGUMENT

### A. Plaintiffs' TILA Claim Should Be Dismissed

Plaintiff's rescission claim is based on two theories. First, she believes she is entitled to an extended right to rescind because the originating lender supposedly failed to provide her the negative amortization disclosure. Second, she contends she has an extended right to rescind because she did not receive two copies of the Notice of Right to Cancel.

Plaintiff is wrong on both counts.

As to the first theory, plaintiff *did* receive the negative amortization disclosure. Hence, this theory fails. Moreover, the negative amortization disclosure is not a "material disclosure" that would extend the right to rescind anyway.

As to the second theory, plaintiff *did* receive the Notice of Right to Rescind too. Hence, this theory fails as well.

Finally, as to both theories, there is the underlying problem that a claim for rescission is meaningless unless and until the borrower offers to return the principal amount of the loan. Here, that is $650,000.

Plaintiff has not alleged that she can and will remit $650,000 to Aurora. Accordingly, she has not alleged all of the necessary elements to pursue a rescission claim.

For all of these reasons, the TILA rescission claim fails.

#### 1. The Negative Amortization Disclosure

First and foremost, plaintiff acknowledged receiving this disclosure.

I/We acknowledge receipt and have read the Adjustable Rate Mortgage Program Disclosure and the Consumer Handbook on Adjustable Rate Mortgages.

Jessica H DeLong 4-15-06
Borrower JESSICA H. DELONG Date

Borrower Date

RJN, Ex. A.

In ruling on a Rule 12(b)(6) motion, a court may consider the contents of documents specifically referred to and incorporated into the complaint, particularly if such documents are central to plaintiff's claim. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994); *Marder v. Lopez*,

450 F.3d 445, 448 (9th Cir.2006). And plaintiff's signatures on this document creates a legal presumption that it was made and plaintiff's claims to the contrary are not sufficient to rebut this presumption. *Oscar v. Bank One, N.A.*, 2006 WL 401853, at *3 (E.D. Pa., Feb.17, 2006).

Second, even if this disclosure had not been provided, it would not extend plaintiff's right to rescind. A borrower's right to rescind under TILA can be extended up to three years if the lender (1) fails to provide a notice of the borrower's right of rescission or (2) fails to make a material disclosure. 12 C.F.R. § 226.23(a)(3).

The negative amortization disclosure, however, is not a material disclosure.

Regulation Z provides that "[t]he term 'material disclosures' means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in section 226.32(c) and (d)." 12 C.F.R. §226.23(a)(3) n. 48.

The Commentary on this regulation states that only ***one*** of the required disclosures regarding variable-rate loans is considered "material" such that it triggers the extended rescission period: the existence of a variable rate.

> Footnote 48 sets forth the material disclosures that must be provided before the rescission period can begin to run. Failure to provide information regarding the annual percentage rate also includes failure to inform the consumer of the ***existence of a variable rate feature.*** Failure to give the other required disclosures ***does not prevent the running of the rescission period***, although that failure may result in civil liability or administrative sanctions.

12 C.F.R. Pt. 226, Supp. I ¶ 23(a)(3)-2 (emphasis added).[2]

Plaintiff's negative amortization theory is fatally defective in two ways. Accordingly, her attempt to seek rescission based on this theory fails and should be dismissed.

---

[2] *Pulphus v. Sullivan,* 2003 WL 1964333 *14 (N.D. Ill. Apr. 28, 2003) (holding that the Commentary deserves deference because "[t]here is nothing irrational about the Board's desire to extend the period to rescind a loan, a rather Draconian remedy, only for those consumers who were completely unaware that their loan had a variable rate."); *Jordan v. Paul Financial, LLC*, 2009 WL 160213 at *6 (N.D. Cal. July 1, 2009) (citing *Pulphus* with approval and reasoning that failure to provide adequate disclosures regarding risk of negative amortization does not trigger a right of rescission); *Mandrigues v. World Savings, Inc.,* 2009 WL 160213 *6 (N.D. Cal. Jan. 20, 2009) (same); *Ngwa v. Castle Point Mortg., Inc.,* 2008 WL 3891263 *10 (S.D.N.Y. Aug. 20, 2008).

**2. The Notice of Right to Cancel**

Plaintiff's second theory for rescission is her claim that she did not receive two completed Notices of Right to Cancel.

This theory fails because she acknowledged that she did, in fact, receive "TWO (2) COMPLTED COPIES OF [THE] RIGHT TO CANCEL."

ACKNOWLEDGMENT OF RECEIPT

EACH OF THE UNDERSIGNED HEREBY ACKNOWLEDGES THE RECEIPT OF TWO (2) COMPLETED COPIES OF THIS NOTICE OF RIGHT TO CANCEL.

JESSICA H. DELONG 7-15-06
Date

RJN, Ex. B.

This document can and should be considered on this motion to dismiss. *Branch, supra*, 14 F.3d at 454; *Marder, supra*, 450 F.3d at 448. And it defeats plaintiff's self-serving claims to the contrary. *Oscar, supra*, 2006 WL 401853, at *3.

**3. Plaintiff's Failure To Tender The $650,000 Due**

Finally, under either of her theories, TILA still requires plaintiff to return the $650,000 in order to effectuate rescission. *Yamamoto v. Bank of New York*, 339 F.3d 1167 (9th Cir.2003); *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir.1974); *Martinez v. EMC Mortgage Corp.*, 2009 WL 2043013, at *6 (E.D. Cal. July 13, 2009) (dismissing claim for rescission where there was no "sufficiently alleged notice of rescission" and no "tender of loan proceeds"); *Mangindin v. Wash. Mutual Bank*, 2009 WL 1766601, at *3 (N.D. Cal. June 18, 2009) (dismissing claim for rescission where plaintiffs failed to allege "that they attempted to tender, or are capable of tendering, the value of the property" or "that such equitable circumstances exist that conditioning rescission on any tender would be inappropriate").

It is insufficient for plaintiff to allege—as she has done here—that she could ***conditionally*** tender the funds owed. *Edelman v. Bank of America*, 2009 WL 1285858, at *2 (C.D. Cal., April 17, 2009); *Nichols v. Greenpoint Mortg. Funding Inc.*, 2008 WL 3891126, at *5 (C.D. Cal.,

August 19, 2008) ("Rescission is not a means to create highly favorable loan terms for the party seeking rescission.")

Plaintiff has had two opportunities to clearly state that she can and will return the entire $650,000 needed to effectuate rescission: first in her July 10 "rescission" letter and second in her complaint filed just two weeks later.

Plaintiff refused to do so both times.

Tender of the principal is a necessary element of a rescission claim under TILA. Plaintiff's failure to allege compliance with this element means she has failed to allege a viable TILA rescission claim. Accordingly, regardless of theory or without need to consider the documents plaintiff signed, plaintiff's TILA claim fails and should now be dismissed.

**B. Plaintiffs' UCL Claim Should Be Dismissed**

Plaintiff's second cause of action purports to allege a claim under California's Business and Professions Code section 17200 ("UCL"). The claim is based solely on Guaranteed's alleged failure to disclose the negative amortization feature. Compl., ¶ 23.

This claim fails because, as shown above, the underlying TILA claim fails. *Krantz v. BT Visual Images, L.L.C.*, 89 Cal.App.4th 164, 178 (2001) (the viability of a UCL claim stands or falls with the antecedent substantive causes of action). "A court may not allow plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). *See also Rubio v. Capital One Bank (USA),* 572 F.Supp.2d 1157, 1168 (C.D. Cal. 2008) (holding that UCL claim predicated on TILA fails because plaintiff's TILA claim failed).

Moreover, as discussed above, plaintiff acknowledged that she received a written disclosure that clearly informed her of the negative amortization feature:

**DEFERRED INTEREST**

Deferred interest (also known as Negative Amortization) may occur in two ways:

- Because the Interest Rate has the potential to increase each month but the payment changes are generally limited to once every twelve months, the monthly payment may be insufficient to pay the interest which is accruing; and/or
- When normal payment changes occur every twelve months, the payment is limited to an increase of 7.500% from the previous payment amount, which may be less than the interest that is accruing.

If the interest due on your loan for a month is more than the required monthly payment, the entire payment will be applied to interest and any unpaid interest will be added to the loan balance. The interest for the next month is then calculated on the new increased loan balance.

"Accelerated Amortization" may occur if the Interest Rate decreases in those months that the Interest Rate changes but the payment does not change or if the Interest Rate decreases more than the payment changes due to the 7.500% Payment Cap when the payment changes at each twelve-month interval. "Accelerated Amortization" means you may pay more per month than what is required to pay off the loan in the remaining term. Therefore, you may possibly pay the loan off earlier than the original maturity of the loan.

I/We acknowledge receipt and have read the Adjustable Rate Mortgage Program Disclosure and the Consumer Handbook on Adjustable Rate Mortgages.

Borrower JESSICA H. DELONG 4-15-06 Date Borrower Date

RJN, Ex. A.

Plaintiff's signature on this form is fatal to her efforts to claim that she was not aware of the negative amortization feature. After all, "[r]eliance on an alleged misrepresentation is not reasonable when plaintiff could have ascertained the truth through the exercise of reasonable diligence." *Rowland v. Paine Webber, Inc.*, 4 Cal.App.4th 279, 286 (1992). "If a party, with reasonable opportunity, fails to learn the nature of the document he or she signs, such 'negligence' precludes a finding the contract is void for fraud." *Rosenthal v. Great Western Fin. Securities Corp.*, 14 Cal.4th 394, 423 (1996).[3]

Plaintiff's UCL claim is fatally defective. Hence, it too should be dismissed.

---

[3] "Reasonable diligence requires the reading of a contract before signing it." *24 Hour Fitness, Inc. v. Superior Court*, 66 Cal.App.4th 1199, 1215 (1998). And one who signs a contract "is estopped from saying that its explicit provisions are contrary to his intentions or understanding." *Estate of Anderson*, 60 Cal.App.4th 436, 442 (1997). "Where the terms of an agreement are set forth in writing, and the words are not equivocal or ambiguous, the writing or writings will constitute the contract of the parties, and one party is not permitted to escape from its obligations by showing that he did not intend to do what his words bound him to do." *Brant v. California Dairies, Inc.*, 4 Cal.2d 128, 133-134 (1935); *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003).

## V. CONCLUSION

For the reasons articulated above, plaintiff's case against Aurora Bank FSB is defective as pled. Accordingly, it hereby requests that the Court grant this motion and dismiss it from this action.

DATED: October 2, 2009

SEVERSON & WERSON
A Professional Corporation

By: /s/ Jane K. Lee
JANE K. LEE
Attorneys for Defendant
AURORA BANK FSB erroneously served as AURORA LOAN SERVICES, LLC a Delaware a Limited Liability Company

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the page of 18 and am not a party to this action. I am employed in the City of Irvine, California. My business address is Severson & Werson, 19100 Von Karman Avenue, Suite 700, Irvine, California 92612.

On the date below I served the within document(s) described as: **DEFENDANT AURORA LOAN SERVICING, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** on the interested parties in this action:

☒ by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s) ☒ addressed as follows: ☐ address as stated on the attached mailing list.

Tiffany L. Gray, Esq.
STEPHEN P. COLLETTE & ASSOCIATES
811 Wilshire Blvd., Ste. 1200
Los Angeles, CA 90017
Tel: (213) 542-8272
Fax: (562) 684-4531
Email: tgray@collettelegal.com

*Attorneys for Plaintiff Jessica Delaney*

☒ **BY MAIL** (C.C.P. § 1013(a)) - I deposited such envelope(s) for processing in the mail room in our offices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒ **(BY ELECTRONIC SERVICE)** Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 2, 2009, at Irvine, California.

By: ______________________
Lorraine Johnson