Stephen P. Collette (SB# 186439)
STEPHEN P. COLLETTE & ASSOCIATES
811 Wilshire Blvd., Suite 1200
Los Angeles, CA 90017
Telephone:  (877) 636-5295
Facsimile: (562) 684-4531
E-mail: Stephen_Collette@hotmail.com

Attorney for Plaintiff JESSICA DELANEY


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSICA DELANEY, an individual, | ) | CASE NO.:  CV 09-3131 (BZ) |
| | ) | |
| | ) | [Hon. Magistrate Bernard Zimmerman] |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLAINTIFF'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICING, INC.'S MOTION TO DISMISS** |
| | ) | |
| AURORA MORTGAGE CORPORATION, a  North Carolina Corporation; WISDOM FINANCIAL SERVICES, INC., a Nevada Corporation and DOES 1 through 50, inclusive, | ) ) ) ) ) | Date: December 10, 2009 Time: 10:00 A.M. Ctrm: G, 15th Floor |
| | ) | |
| Defendants. | ) | Trial Date: Not set**.** |
| | ) | |

Plaintiff JESSICA DELANEY (hereinafter "Plaintiff" and/or "Mrs. Delaney") hereby respectfully submits this Opposition to Defendant Aurora Loan Servicing, Inc.'s (hereinafter "Aurora") Motion to Dismiss.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In its motion, Defendant moves the Court to dismiss Plaintiff's claim for rescission based on its argument that Plaintiff received the necessary disclosures under the Truth In Lending Act.  However, Defendant cannot escape the fact that Plaintiff was not given a blank Notice of Right to Cancel, nor a Truth In Lending Disclosure Statement, in direct contravention of the Federal Truth in Lending Act. Although Defendant attempts to curtail these issues by submitting an executed right to cancel and truth in lending disclosure statement, Defendant cannot (and does not) explain the fact that Plaintiff was not given copies of the proper disclosures at the time dictated by TILA.  These simple facts alone entitle Plaintiff to rescind the loan under 15 U.S.C. §1603 and requires the Motion to Dismiss be denied.

Moreover, Defendant's argument that Plaintiff cannot prevail because Plaintiff has not tendered the amount in default shows a fundamental misunderstanding of the way in which the recession process works under the Federal Truth in Lending Act and Regulation Z.  As will be more fully explained below, the procedure for rescission under the Federal Truth in Lending Act does not operate in the way Defendant proffers to the Court that it should.  In fact, Defendant is required to return all money or property given to anyone in connection with the loan and take action necessary to reflect the termination of the security interest, which Defendant has yet to do.  The Plaintiff is not required to tender back to the creditor any money or property received until after Defendant has fulfilled its obligations.  Though the Court does have the power to change the order of tender, this power is equitable and does not necessarily require the entire

amount be tendered all at once. Many courts have allowed modified tender procedures which allow borrowers to tender over a period of time. Defendant's arguments to the contrary are thus without merit.

Defendant avers that Plaintiff's Unfair Business Practices claim should be dismissed. In support of its assertion, Defendant asks the Court to hold Plaintiff to a heightened pleading standard. Plaintiff has pled the requisite allegations and will prove them, after sufficient discovery. As set forth below, Plaintiff's claim is very specific as to the wrong doing of Defendant.

Based on the foregoing, Plaintiff has adequately stated causes of action for Rescission under the Truth in Lending Act and for Unfair Competition under §17200. Defendant's Motion to Dismiss must be overruled in its entirety.

## II. LEGAL ANALYSIS

### A.      Standard on a Motion to Dismiss.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most

3

favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). But legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters to which the Court takes judicial notice. *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998);

A plaintiff is not required to prove evidentiary facts and/or set forth all of the acts of the alleged wrongdoing. "A complaint is not required to allege all, or any of the facts entailed by the claim." *Bennet v. Schmidt*, 153 F.3d 516, 518.

**B.**     **Defendant's Contention that Plaintiff's Acknowledged Receipt of a Notice of Right To Cancel Is Without Merit, As Plaintiff Was Not Given A Copy of the Right to Cancel Upon the Closing of the Loan.**

Defendant proffers a Notice of Right to Cancel allegedly signed by Plaintiff. (RJN, Ex. B). However, Defendant proffers no explanation as to why Plaintiff does not have in her possession a Notice of Right to Cancel as alleged in the Complaint.

Whether a plaintiff received mandated disclosure information under the Truth in Lending Act (such as a properly executed Notice of Right to Cancel) is frequently a disputed question of fact which precludes summary judgment. *Eveland v. Star Bank, NA*, 976 F. Supp. 721, 726 (S.D. Ohio 1997).

More importantly, the Federal Truth in Lending Act is a disclosure statute which was enacted to guarantee the accurate and meaningful disclosure of the costs

of consumer credit. 15 U.S.C. §1601(a). Therefore, the key action is that the disclosure actually be given to a consumer when entering into a transaction, not the documents the lender has in its possession. Based on the fact that Plaintiff was given inadequate disclosures that did not place her on proper notice of her rights, both the letter and spirit of TILA were not complied with and an order setting a preliminary injunction is proper under the circumstances.

At a minimum, there exists a disputed issue a material fact here as to whether Mrs. Delaney was provided with a properly executed Right to Cancel as required by 15 U.S.C. 1635(a). As a disputed issue of material fact (which even precludes summary judgment), dismissing the cause of action would not be appropriate pending a resolution of this disputed issue of fact. Defendant has produced no evidence to refute the fact that Plaintiff does not have possession of a Notice of Right to Cancel. Given that Defendant has not produced this evidence, dismissing this cause of action is inappropriate.

C.   **Defendant's Contention that Plaintiff was Provided with Other Disclosures that Allegedly Revealed the Subject Loan's Negative Amortization Feature are Inapplicable Because Plaintiff was Not Provided with a Truth In Lending Disclosure Statement.**

To support its assertion that Plaintiff was properly informed as to the negative amortization feature of her loan, Defendant states that Plaintiff signed documentation advising her of the feature and confirming that she received a copy of the Truth In Lending Disclosure Statement. (RJN, Ex. A, C). However, none of these statements account for the fact that Plaintiff is not in possession of the TILA required Truth In Lending Disclosure Statement. Therefore, negative amortization was not disclosed to Plaintiff in the proper manner.

The Truth In Lending Disclosure Statement must include specific explanations of changes in outstanding balance and negative amortization. 12 C.F.R. § 226.19, and *Federal Reserve Board Official Staff Commentary*, [Regulation Z; Docket No. R-0863] Monday, April 3, 1995).

Plaintiff was not provided with a copy of Truth In Lending Disclosure Statement and therefore did not receive proper disclosures. Given that Defendant has produced no evidence showing why Plaintiff is not in possession of a Truth In Lending Disclosure Statement, Defendant's Motion to Dismiss regarding this issue must be denied.

**D.** **Under the Federal Truth In Lending Act, Plaintiff is Not Required To Tender the Total Amount of Indebtedness to Proceed With An Action for Rescission.**

In its Motion to Dismiss, Defendant contends that Plaintiff must tender $650,000 (MTD, 7:15). In making this argument, Defendant has effectively ignored the procedure for rescission under Truth in Lending Act in an attempt to cut off his action for rescission.

15 U.S.C. 1635(b) provides the next step in the rescission process after a borrower has sent a rescission notice to the lender.

> (b) Return of money or property following rescission. When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. *Within 20 days after receipt of a notice of rescission*, the creditor shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the

termination of any security interest created under the
transaction. (emphasis added)

Only after the creditor has complied with the mandate to return the
borrower's property is the consumer required to tender back to the creditor any
money or property.  *See* 15 U.S.C. 1635(b) ("*[u]pon the performance of the
creditor's obligations under this section*, the obligor shall tender the property to the
creditor, except that if return of the property in kind would be impracticable or
inequitable, the obligor shall tender its reasonable value." (emphasis added)).

Defendant cites *Yamamoto v. Bank of New York*, in support of its contention
that the 9th Circuit has explicitly conditioned rescission under the Truth In
Lending Act on rescission is inaccurate. 329 F.3d 1167 (9th Cir. 2003).  However,
the true holding of this case is that the decision to require tender, "lies in within the
court's equitable discretion, *taking into consideration all circumstances including
the nature of violations* and the borrower's ability to repay the proceeds."
(emphasis added) *Id*.

At this juncture, there is no evidence that Plaintiff would be unable to tender
and the determination of Plaintiff's ability to perform is an inquiry that is best left
to the discovery process to unveil. *Williams*, 2008 U.S. Dist. Lexis 131, 20-21.
Many different courts have held that full and immediate tender is not a requirement
of TILA rescission. See *Williams*, 2008 U.S. Dist. Lexis 131; *Avila v. Stearns
Lending, Inc.*, 2008 U.S. Dist. Lexis 31813; *Sterten v. Option One Mortg. Corp.*
(In re Sterten), 352 B.R. 380, 388 (2006).  Furthermore, Plaintiff has alleged that
she will, and has the ability to, tender in the body of her Complaint.  (Complaint, ¶
21).

Plaintiff sent a valid rescission notice to Defendant on July 9, 2009
informing Defendant of her intent to rescind the loan and requesting that

**PLAINTIFF'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICING, INC.'S MOTION TO
DISMISS.**

Defendant contact its attorney to fulfill its tender obligations.  To date, no response has been received by counsel for Plaintiff in response to this letter.  Based on the fact that Defendant has yet to proceed with the first step of the rescission process as required by 15 U.S.C. 1635(b), Defendant's contention that Plaintiff is required to ignore the prescribed procedure for rescission is absurd. Based on the foregoing, Defendant's arguments that Plaintiff's lack the standing for rescission is unsupported by the current statutes concerning the proper procedure for rescission under 15 U.S.C. 1635(b).

**E.    Defendant's Contention That Plaintiff's Claim For Unfair Business Practices Should Be Dismissed is Unfounded.**

Defendant goes to great lengths to attempt to discredit Plaintiff's claim for unfair lending practices, actionable under Cal. Bus. & Prof. Code §17200. However, despite the fact that Defendants are mistaken regarding the viability of Plaintiff's claim under §17200, Defendant's contentions are inapplicable to the issue at the heart of Plaintiff's request for injunctive relief.

Business and Professions Code Section 17200, *et seq*. prohibits unfair competition, including unlawful, unfair, and fraudulent business acts. The UCL covers a wide range of conduct. It embraces "anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 180, 83 Cal. Rptr. 2d 548, "Section 17200 borrows violations from other laws by making them independently actionable as unfair competitive practices." *Cel-Tech, supra,* 20 Cal.4th at p. 180. The UCL applies to all companies doing business in California and does not impose any specific requirements on lenders. Instead, the UCL prohibits all unlawful, deceptive or fraudulent business practices

**PLAINTIFF'S OPPOSITION TO DEFENDANT AURORA LOAN SERVICING, INC.'S MOTION TO DISMISS.**

and imposes general obligations on all businesses not to assert rights under consumer contracts that the companies do not have under the law and not to deceive or defraud consumers.

Despite Defendant's assertions to the contrary, Plaintiff has pled the requisite allegations to sustain a cause of action under Cal. Bus. & Prof. Code §17200. Specifically, Plaintiff has pled that numerous fraudulent and illegal practices by advertising and fraudulently misrepresenting the true terms of its loans. (Complaint, ¶¶23-24). Further, Plaintiff's UCL claims are premised on Defendant's fraudulent misrepresentations and actions, not solely on its TILA violations.

Through discovery, Plaintiff intends to gather evidence of Defendant's underwriting requirements and how they led to Plaintiff being fraudulently induced to enter into the loan transaction that she entered into.

Plaintiff has pled her UCL claim with the requisite particularity. Therefore, the Motion to Dismiss should not be granted.

## F.      In the Event the Court Finds Plaintiff's Allegations Lacking, Plaintiff Hereby Requests Leave to Amend Her Complaint.

Federal Rules of Civil Procedure Rule 15 (a) expressly states that leave to amend "shall be freely given when justice so requires."  See also *Allen v. City of Beverly Hills* 911 F.2d 367, 373.  "Where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, we have held that a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).

Therefore, should the Court find any of Plaintiff's allegations lacking, Plaintiff herby respectfully requests leave to amend the allegations contained therein.

## III.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court overrule Defendant's Motion to Dismiss.


Respectfully submitted,

DATED:  November 19, 2009.          STEPHEN P. COLLETTE & ASSOCIATES


                                    By:   /s/ Stephen P. Collette
                                    _____
                                          STEPHEN P. COLLETTE
                                          Attorney for Plaintiff JESSICA
                                          DELANEY