IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DELANEY (f/k/a Jessica Delong), an individual,<br><br>    Plaintiff,<br><br>    v<br><br>AURORA LOAN SERVICING, INC, a Delaware Corporation; GUARANTEED RATE, INC, a Delaware Corporation; CAPITAL MARKET FUNDING, INC, a California Corporation; and DOES 1-50, inclusive,<br><br>    Defendants.<br>_____/ | No   C 09-3131 VRW<br><br>ORDER |

        Defendants Aurora Loan Servicing, Inc ("Aurora") and Guaranteed Rate, Inc ("GRI") (collectively "defendants") move to dismiss plaintiff Jessica Delaney's complaint.  Doc ##10, 14. Plaintiff's complaint contains two claims arising from her mortgage on a property in Oakland, California:  (1) rescission pursuant to the Truth in Lending Act ("TILA"), 15 USC § 1601 et seq, and (2) unlawful and unfair business practices pursuant to Cal Bus & Prof Code § 17200 et seq.  Doc #1.  Defendants seek dismissal under FRCP 12(b)(6) based on documents they argue discredit the facts

underlying both claims. Doc ##10, 14. For the reasons explained below, defendants' motions will be converted to FRCP 56 motions for summary judgment pursuant to FRCP 12(d).

I

Plaintiff's complaint alleges as follows:

On July 11, 2006, plaintiff obtained a $650,000 mortgage on her principal residence in Oakland, California. Doc #1 ¶¶8-9. The initial interest rate on the mortgage was 1.95 percent, but the interest rate adjusts every month to 3.2 percent above the current index. Id at ¶9. The minimum monthly payment remained fixed, and the unpaid interest amortized to the principal. Id. A mortgage broker from defendant Capital Market informed plaintiff that the loan was "perfect" for her needs, because she "could pick the payment that best suited her financial situation in any given month." Id at ¶10. The broker did not inform plaintiff that the loan would recast when the principal reached 110 percent of the original or that plaintiff's minimum monthly payment would accordingly increase to two to three times the previous amount. Id.

Plaintiff did not receive two copies of the Notice of Right to Cancel as required by TILA. Id at ¶11. Nothing in the documentation plaintiff received stated that negative amortization would occur. Id at ¶12. On July 10, 2009, after Aurora had purchased the loan for GRI, plaintiff sent Aurora a letter stating her "election to rescind the loan." Id at ¶14-15.

2

When a complaint is challenged under FRCP 12(b)(6), the court accepts the facts in plaintiff's complaint as true. <u>Knievel v ESPN</u>, 393 F3d 1068, 1072 (9th Cir 2005). Here, however, defendants attempt to undermine plaintiff's factual allegations by asking the court to take judicial notice of various documents. GRI presents nine documents: the deed of trust; the adjustable rate note; an adjustable rate addendum; an adjustable rate rider signed by plaintiff; an adjustable rate mortgage loan program disclosure signed by plaintiff; an important loan information adjustable rate mortgage loan program disclosure pay option MTA signed by plaintiff; and two copies of the notice of the right to cancel signed by plaintiff. Doc #11. Aurora asks the court to take judicial notice of seven documents: a program disclosure acknowledging receipt of a negative amortization notice signed by plaintiff; a copy of the notice of right to cancel signed by plaintiff; an acknowledgment signed by plaintiff stating she received a good faith estimate and truth in lending act disclosures; a complaint filed by plaintiff's counsel in Los Angeles superior court, <u>Moreno v Countrywide Home Loans</u>, VC053513; a complaint filed by plaintiff's counsel in the Northern District of California, <u>Ironside v Aurora Loan Services</u>, 09-3510 CRB; a complaint filed by plaintiff's counsel in Los Angeles superior court, <u>Acosta v Countrywide Home Loans</u>, KC053781G; and a complaint filed by plaintiff's counsel in Los Angeles superior court, <u>Greenspan v Nationsfirst Lending, Inc</u>, PC043143. Defendants argue that the documents demonstrate that plaintiff has received all documentation and disclosures required by law.

## II

A motion to dismiss under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." Navarro v Block, 250 F3d 729, 732 (9th Cir 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v Liberty Mutual Ins Co, 80 F3d 336, 337-38 (9th Cir 1996); Wyler Summit Partnership v Turner Broadcasting System, Inc, 135 F3d 658, 661 (9th Cir 1998).

The court may take judicial notice of facts that are "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." FRE 201(b); see also United States v Ritchie, 342 F3d 903, 909 (9th Cir 2003) (holding that documents tending to show a plaintiff had received notice of a forfeiture action "do not remotely fit the requirements of Rule 201."). A document "incorporated by reference" in a complaint may be considered in an FRCP 12(b)(6) motion only if: (1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the document. See Branch v Tunnell, 14 F3d 449, 453-454 (9th Cir 1994); William W Schwarzer et al, Federal Civil Procedure Before Trial, 9:212.1a. Unless a document is subject to judicial notice or is incorporated by reference in a complaint, a court considering the document must

treat the motion as one for summary judgment under FRCP 56. FRCP 12(d).

The documents identified by defendants, including the document signed by plaintiff stating that she "acknowledges the receipt of two (2) completed copies of this notice of right to cancel," Doc #14 Exh B, were not referenced in plaintiff's complaint and cannot be incorporated by reference in defendants' motions to dismiss. Instead, the documents provide evidence against plaintiff's factual allegations. Because defendants' motions to dismiss rely on documentary evidence outside the pleadings, pursuant to FRCP 12(d) the motions will be converted into motions for summary judgment under FRCP 56.

If plaintiff wishes to supplement her opposition to the motions by submitting evidence or by filing a FRCP 56(f) affidavit, she may do so on or before January 11, 2010. Defendants may file a reply to plaintiff's submission not later than January 25, 2010. The matter will be submitted on the papers.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge